UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO: 4:16-CR-124-BRW-2 |
| | ) | |
| JENIFFER VALERINO NUNEZ | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Appointed counsel presents the following information to the Court for its consideration prior to the imposition of sentence in this case:

1. **PRELIMINARY STATEMENT:** Jeniffer Valerino Nunez violated 18 U.S.C. § 1349 when she assisted conspirators to obtain money from taxpayers by fraudulent means. The statutory term of imprisonment for Count 1 is not more than thirty (20) years imprisonment and not more than $250,000. 18 U.S.C. § 1349 and 18 U.S.C. § 1343, 18 U.S.C. § 3671(b). Based upon the particular facts and circumstances of this case, appointed counsel respectfully requests the Court impose a sentence of time-served with home confinement and a period of supervised release.

2. **BACKGROUND:** Jeniffer Nunez is a 22-year-old young woman. Ms. Nunez was born in Havana, Cuba and came to the United States at the age of nineteen (19) when Mr. Caballero invited her to work for him. Ms. Nunez has been in Marshal custody since her arrest on May 23, 2016. Approximately two and half years have passed since her arrest. The majority of her time has been spent at the West Tennessee Detention Facility in Mason, TN. The majority of Ms. Nunez family reside in South Florida. This distance has made it difficult for family to visit during this period of incarceration. Ms. Nunez has no known violations since being in Marshal custody and has no criminal

history. Ms. Nunez has accepted responsibility for the wrongful conduct described by coming in and taking a plea to the charges listed above.

    3. **SENTENCING GOALS:** Based upon the particular facts and circumstances of this case, appointed counsel respectfully requests the Court impose a sentence of time-served with home confinement and a period of supervised release. This sentence is warranted and is sufficient to satisfy the statutory goals of sentencing. Specifically, this form of sentence will: (1) adequately punish Ms. Nunez for her wrongful conduct; (2) promote proper respect for the law; (3) reflect the seriousness of the offense of conviction; (4) afford adequate deterrence to criminal conduct in the future; and (5) provide proper protection for the general public. See 18 U.S.C. § 3553(a)(2). Based on a total offense level of twenty-nine (29) and criminal history category of I, the guideline imprisonment range is eighty-seven (87) to one hundred and eight (108) months.

## Legal Authority for Requested Sentence

    The Court has authority to impose a sentence of home confinement with supervised release for two reasons. First, 18 U.S.C. § 1349 does not expressly provide for a mandatory minimum sentence. Therefore, the Court has authority not to sentence Ms. Nunez to imprisonment.  Second, given that Ms. Nunez has been confined for over two years, substituting imprisonment with some form of home confinement would be sufficient to satisfy the sentencing factors set out in 18 U.S.C. § 3553(a) as well allow for Ms. Nunez to return home and begin to work and pay off the restitution in this case.

In the alternative, should the Court require an additional term of imprisonment, counsel respectfully requests that Ms. Nunez be moved to a facility close to her family in South Florida. Specifically, a facility that has the RDAP program.

## **Specific Characteristics of Ms. Nunez and the Offense**

Undersigned counsel knows the Court is very familiar with the factors listed in 18 U.S.C. 3553(a). An overview of the factors applied to the facts of this case and the characteristics of Ms. Nunez provides mitigation in favor of the requested sentence.

Ms. Nunez is still a very young woman of only twenty-two (22) years. A young woman who is full of remorse and acceptance of responsibility for her actions. She was born in Havana, Cuba where she was forced to live under a repressive communist regime. When she was older, her family moved her to Mexico, a common destination for exiles of Cuba. A family friend introduced Ms. Nunez to her co-defendant, Denise Caballero. He encouraged her to come to the United States with him and begin a relationship. It is important to note that Mr. Nunez was in his thirties while Ms. Nunez was still a teenager at the time. She agreed to come and meet him in the United States when she was still a teenager of nineteen (19) years. This relationship lead her down a path of drug use and criminal behavior. When Ms. Nunez arrived in the United States she almost immediately began to "work" for Mr. Caballero.  Mr. Caballero and Ms. Nunez may share similar plea agreements, but they do not share the same level of culpability. While, it is clear that Ms. Nunez's behavior was criminal -- and she excepts responsibility for the same – Mr. Caballero was a mastermind in recruiting young and impressionable immigrants to do his bidding. Furthermore, he had access to the

individuals overseas making the threatening calls to taxpayers and profited off the individuals he recruited. This is not the case for Ms. Nunez. While she did profit off the transactions she facilitated, the majority of the money she received was given to Mr. Caballero and then to those individuals above him.

As stated in the Pre-Sentence Report, Ms. Nunez was in drug treatment prior to coming to the United States and relapsed while she was living and traveling with Mr. Caballero. During her confinement she has continued to work on her sobriety and would like the opportunity to do additional work in the RDAP program. This will allow Ms. Nunez to have meaningful contact with her family members and continue her rehabilitation from drug use.

The applicable guidelines are policy statements, which are non-binding even when the federal sentencing guidelines were mandatory. *See United States v. Kinder*, 64 F.3d 757, 769 (7th Cir. 1995). The Supreme Court of the United States has explained that "district courts are entitled to reject and vary categorically from the Guidelines based on policy disagreements with those guidelines." *See United States v. Gonzalez*, 742 F.3d 815, 817 (8th Cir. 2014), citing *Spears v. United States*, 55 U.S. 261, 265-66 (2009).

Given Ms. Nunez's young age, her lack of criminal history, and her remorse, she should be granted some leniency in sentencing. Counsel respectfully submits to the Court that Ms. Nunez played a lesser role in the offense and should be sentenced according to her conduct and her conduct alone. "A court's duty is always to sentence a defendant as he stands before the court on the day of sentencing." *United States v. Pepper*, 526 U.S. 476, 131 S. Ct. 1229, 1242 (2001). To sentence her in a similar fashion to

Mr. Caballero would be fundamentally unfair given the difference in her role in the offense.

## Conclusion

Counsel respectfully submits the preceding arguments and further arguments that may be made at hearing for Ms. Nunez in support of her requested sentence. The imposition of a sentence of time served with home confinement and supervised release would meet the sentencing goals of this Court as well as allow Ms. Nunez to begin the process of paying back restitution. Appointed counsel will supplement this *Sentencing Memorandum* with letters of support, translated for the Court's convenience, as further evidence that the facts and circumstances in this case fully support such a sentence.

Respectfully Submitted,

Sonia Eileen Fonticiella
Appointed Counsel

By: */s/ Sonia Eileen Fonticiella*
Ark. Bar. No. 2011022
Fonticiella Law, PLLC
711 W. Third St.
Little Rock, AR 72201
(501) 372-3625
soniaeileenfr@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of October, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which shall send notification to the following:

Hunter Bridges
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
501-340-2600
Hunter.bridges@usdoj.gov